THE DOMESTIC ENGINEERING SALES CORPORATION, PLAINTIFF, v. ANDREW D. MELOY, DEFENDANT.

Submitted May 11, 1928—Decided February 21, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the rule, *William E. Foster.*

*Contra, Edmund A. Hayes.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff brought suit to recover the contract price agreed to be paid by the defendant for the furnishing and installing of a Wayne Oil Burner with the necessary attachments, in the latter's home at Atlantic Highlands. The contract for the sale and installation was in writing, under date of September 21st, 1926. By its terms the plaintiff agreed to furnish and install in the house of the defendant "a Wayne Oil Burner, Model A4, complete with the necessary attachments, including thermostat and electrical control, suitable for hot water heating plant." The defendant on his part agreed to pay the plaintiff for the furnishing and installing of the burner and attachments a total sum of $800, the payment of which was to be made "after the burner has given one hundred and twenty days of actual heating service and has never through this time failed to perform the functions for which it is intended." The contract further provided that "if for any reason the burner fails to perform the functions for which it is intended within one hundred and twenty days after the burner has been put into actual service for heating, the company agrees to remove the burner and controls and to refund all money paid for the same."

The burner, with its appurtenances, was installed on October 16th, 1926, and plaintiff's claim is that after its installation it functioned properly for a period of one hundred and twenty successive days of actual heating service, and that, consequently, it is entitled to recover from the defendant the contract price of $800, which the latter has refused to pay.

The defendant justifies his refusal upon the ground that the heating apparatus installed by the plaintiff failed to render the service which the contract called for; that on at least ten different occasions between October 16th, 1926, and March 3d, 1927—the day upon which the present suit was instituted—and at intervals less than thirty days apart, the apparatus failed to work properly; that the plaintiff was notified of that fact on each occasion, and that it sent its

employes to remedy the defects which caused the trouble and prevented the heating apparatus from properly operating.

Plaintiff did not deny this, but proved that the defects which were discovered by it were not in the burner itself, but in certain of the attachments which were necessary for its proper functioning; and insisted that it was entitled to be paid the contract price unless the burner itself failed to perform the functions for which it was intended. The jury evidently considered this contention on the part of the plaintiff to be well founded, and, consequently, awarded it the purchase price fixed by the contract.

We think the finding of the jury cannot be justified. The burner and its necessary attachments are, by the implication of the contract, a single appliance. The function of the burner was to heat the defendant's dwelling. To do this it was necessary that the attachments to it, which were requisite for its performance of that service, should work properly. If they did not do so, and, as a result thereof, the burner itself failed "to perform the functions for which it was intended"—that is, failed to furnish heat for the house—such failure absolved the defendant from any obligation to pay the purchase price specified in the contract. To hold otherwise is tantamount to a declaration that the defendant would be under a legal obligation to make such payment although his residence was entirely without heat from one end of the winter season to the other, provided that calamity was not due to any imperfection in the burner itself, but to defects in its necessary attachments. That no such liability is imposed by the contract seems to us to be too clear for argument.

The rule to show cause will be made absolute.